**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5081**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ROBERTO TEXIDORE,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cr-00179-MOC-1)

———————

Submitted: August 30, 2012      Decided: September 13, 2012

———————

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Henderson Hill, Executive Director, Ann L. Hester, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Texidore was convicted by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and sentenced to thirty-seven months' imprisonment. On appeal, Texidore argues that the district court erred in overruling his objection to the government's use of its peremptory challenges to strike an African-American woman and a woman of Asian extraction. He also contends that statements made by the government during closing argument shifted the burden of proof and violated his due process rights. We conclude there is no error and affirm the judgment.

Texidore contests the district court's decision to deny his challenge, under Batson v. Kentucky, 476 U.S. 79 (1986), to the Government's use of its peremptory strikes. The use of a peremptory challenge for a racially discriminatory purpose offends the Equal Protection Clause. Id. at 84-90. The trial court's resolution of a Batson challenge is largely a credibility determination, to which we give "great deference," reviewing the district court's findings for clear error. United States v. Green, 599 F.3d 360, 377 (4th Cir. 2010); United States v. Farrior, 535 F.3d 210, 221 (4th Cir. 2008).

Courts employ a three-step process to determine whether a peremptory strike was racially motivated. First, a defendant must make a prima facie showing that the government

2

exercised the strike on the basis of race. Batson, 476 U.S. at 96-97. Second, the burden shifts to the government to offer a racially neutral explanation for removing the jurors in question. Id. at 97-98. Third, once the race-neutral explanation is offered, the district court must decide whether, in light of all relevant evidence, the defendant has proved purposeful discrimination. Id. at 98. A movant may show purposeful discrimination by demonstrating that the opposing party's explanation is a mere pretext for racial discrimination. Farrior, 535 F.3d at 221.

Our review of the record reveals that the district court did not clearly err in crediting the government's proffered reasons for striking the jurors in question and finding those reasons legitimate and nondiscriminatory. Thus, Texidore failed in his burden to prove intentional discrimination, and the district court did not err in denying Texidore's Batson challenge.

Texidore next asserts that the prosecutor committed reversible misconduct during closing argument when he speculated to the jury as to why Texidore did not test certain evidence for DNA. Whether a statement made in closing argument has unconstitutionally tainted the outcome of the case is a question of law, which this court reviews de novo. United States v. Collins, 415 F.3d 304, 307 (4th Cir. 2005). Improper remarks

3

during the government's closing argument constitute a reversible due-process violation only if the remarks "so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." United States v. Wilson, 624 F.3d 640, 656 (4th Cir. 2010), cert. denied, 132 S. Ct. 451 (2011). To obtain a new trial, Texidore must demonstrate both that a statement was improper and that it caused prejudice. United States v. Smith, 441 F.3d 254, 264 (4th Cir. 2006).

With these standards in mind, we have thoroughly examined Texidore's assertions of misconduct. We conclude that, even assuming that the prosecutor's comments were improper, they did not deprive Texidore of a fair trial, given their relatively isolated nature, the relative strength of the other evidence in the case, and the court's instructions to the jury. Wilson, 624 F.3d at 656-57; Collins, 415 F.3d at 309 (discussing factors courts consider in evaluation of prejudice).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4